**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CURTIS W. PHILBERT,<br><br>            Plaintiff-Appellant,<br><br>    v.<br><br>DENIS McDONOUGH, Secretary of<br>Veterans Affairs,<br><br>            Defendant-Appellee. | No. 19-56396<br><br>D.C. No. 5:17-cv-00929-CAS-KK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted March 16, 2021**

Before:     GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

    Curtis W. Philbert appeals pro se from the district court's summary

judgment in his employment action alleging federal claims.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo.  *Dep't of Fair Emp't & Hous. v.*

*Lucent Techs., Inc.*, 642 F.3d 728, 736 (9th Cir. 2011).  We affirm.

---

        *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Philbert's Title VII national origin discrimination, sex discrimination, and retaliation claims because Philbert failed to raise a genuine dispute of material fact as to whether the Department of Veterans Affairs' ("VA") legitimate, nondiscriminatory, and nonretaliatory reasons for not promoting him or reclassifying his position were pretextual. *See Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 658-59 (9th Cir. 2002) (setting forth burden-shifting framework for Title VII discrimination claim; circumstantial evidence of pretext for discrimination claim must be specific and substantial); *see also Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1065-66 (9th Cir. 2004) (burden-shifting framework applies to Title VII retaliation claim; circumstantial evidence of pretext for retaliation claim must be specific and substantial).

The district court properly granted summary judgment on Philbert's Title VII wage discrimination claim. The VA presented evidence that Philbert did not apply for a promotion and his position did not qualify for reclassification, and Philbert failed to present evidence to the contrary. *See Maxwell v. City of Tucson*, 803 F.2d 444, 446 (9th Cir. 1986) ("When a Title VII [plaintiff] contends that [he] has been denied equal pay for substantially equal work, . . . Equal Pay Act [('EPA')] standards apply."); *see also Rizo v. Yovino*, 950 F.3d 1217, 1222 (9th Cir. 2020) (setting forth EPA's four exceptions for wage differential, which

19-56396

operate as affirmative defenses).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**